UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— x

ROBBINS GELLER RUDMAN & DOWD :    Civil Action No.
LLP, :
                                 :    <u>CLASS ACTION</u>
               Plaintiff, :
                                 :    COMPLAINT FOR INJUNCTIVE RELIEF
   vs. :
                                 :
UNITED STATES SECURITIES AND :
EXCHANGE COMMISSION, :
                                 :
              Defendant. :
                                 :

———————————————————— x

Plaintiff Robbins Geller Rudman & Dowd LLP ("Robbins Geller") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, for injunctive and other appropriate relief, seeking the release of documents and information in the possession of defendant United States Securities and Exchange Commission ("Defendant" or the "SEC") that the Defendant has improperly withheld.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 5 U.S.C. §552(a)(4)(B), as this action arises under FOIA.

2.    Venue in the United States District Court for the Eastern District of New York is proper under 5 U.S.C. §552(a)(4)(B).  Robbins Geller resides within this District at 58 South Service Road, Suite 200, Melville, New York 11747.

## PARTIES

3.    Plaintiff Robbins Geller is a national law firm with approximately 200 lawyers and a network of ten offices around the country, including an office in this District.  On behalf of certain of its clients, Plaintiff is currently litigating a securities fraud class action lawsuit against Hertz Global Holdings, Inc. ("Hertz" or the "Company"), and former executives thereof, in the United States District Court for the District of New Jersey.  *See In re Hertz Global Holdings, Inc. Securities Litigation*, Master File No. 2:13-cv-07050-MCA-LDW (D.N.J.) (the "Hertz Litigation").  As part of Plaintiff's litigation efforts in the Hertz Litigation, Plaintiff made a FOIA request to the SEC for the Hertz Documents (defined below), which relate to some of the issues underlying the Hertz Litigation.  Defendant denied Plaintiff access to these records and Plaintiff has exhausted all applicable administrative remedies.

4.    Defendant SEC is an agency within the meaning of 5 U.S.C. §552(f) and is subject to the requirements of FOIA.  Defendant has improperly withheld the Hertz Documents.

## SUBSTANTIVE ALLEGATIONS

### A.    Factual Background to Plaintiff's FOIA Request

5.       FOIA embodies and promotes a philosophy of full disclosure unless information is exempt from production under an express statutory exemption.  There are nine statutory exemptions. *See* 5 U.S.C. §552(b)(1)-(9); *see also* 17 C.F.R. §200.80(b)(1)-(9).

6.       Plaintiff's clients allege that Hertz engaged in a massive accounting fraud and their claims are based, in part, on Hertz's admissions in the Company's Form 10-K filing for fiscal year 2014.  Specifically, Hertz admitted that from 2011 to 2013 its pre-tax income was overstated by $215 million and its net income was overstated by $132 million, that the Company had to restate its financial statements for these years, and that its financial statements for these years materially understated Hertz's expenses and caused the Company's previously reported annual net income during 2011 to 2013 to be overstated between 14.64% and 32.12% (the "Restatement").

7.       As Hertz publicly disclosed in a November 14, 2014 Form 8-K filing, the New York office of the SEC launched an investigation into Hertz for the events surrounding the Restatement (the "SEC Investigation") in June 2014.

8.       On May 10, 2017, Plaintiff made a FOIA request to the SEC that sought the following records relating to the SEC Investigation into the Restatement (the "Hertz Documents"):

> (1) all records pertaining to the SEC's investigation into Hertz's restatement of its financial results for fiscal years 2011 through 2013, as reported in Hertz's Form 10-K for fiscal year 2014, filed on July 16, 2015 (the "Restatement");
>
> (2) all records pertaining to any accounting or internal control deficiencies at Hertz during the time period of January 1, 2013 to the present; and
>
> (3) all records previously released by the SEC pertaining to Hertz for the time period of January 1, 2013 to the present.

9.       On May 18, 2017, citing the exemption in 5 U.S.C. § 552(b)(7)(A) ("Exemption 7A"), the SEC denied this request.

- 2 -

10.     Exemption 7A authorizes the withholding of "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information could reasonably be expected to interfere with enforcement proceedings."  5 U.S.C. §552(b)(7)(A).

11.     On December 31, 2018, Hertz entered into a settlement with Defendant, which resulted in the Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933 and Section 21C of the Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-and-Desist Order (the "Order").[1]

12.     As recited in the Order, pursuant to Section 8A of the Securities Act of 1933 and Section 21C of the Securities Exchange Act of 1934, Hertz agreed to pay a $16 million civil penalty to the SEC.  Ex. 1 at 11.  In assessing this civil penalty, Hertz "acknowledge[d] that the Commission is not imposing a civil penalty in excess of $16,000,000.00 based upon [Hertz's] cooperation in a Commission investigation."  *Id.* at 12.

13.     The Order includes findings of fact documenting fraudulent activity at Hertz relating to the Restatement, including that in November 2013 Hertz reaffirmed earnings guidance that Hertz executives knew was false.  *Id.* ¶¶27-30.  The Order references several of the Hertz Documents, including "certain internal analysis indicating that the revised guidance has been based in part on inaccurate information"; "certain recent internal estimates fell below the low end of that guidance range"; "[c]ontemporaneous internal analysis projected the company's 2013 results at $1.72 per share"; "certain new internal analysis and data forecasted Hertz's performance to be below the low end of the revised guidance range"; and "Hertz had analysis done to determine why internal estimates had changed so quickly."  *Id.* ¶¶4, 27-29.

---

[1]     A copy of the Order is attached as Exhibit 1.

14.     The Order also states that if it is later discovered that Hertz had provided misleading information to the SEC, then the Defendant could "reopen this matter and seek an order directing that [Hertz] pay an additional civil penalty." *Id.* at 12.  By including language setting forth criteria for the matter to be "reopen[ed]," the Order makes clear the SEC Investigation has completed.

**B.      Plaintiff's FOIA Request**

15.     Since the Order resolved the SEC Investigation, Exemption 7A should no longer apply.  Accordingly, by later dated January 2, 2019, Plaintiff renewed its FOIA request for the Hertz Documents.[2]

16.     On February 1, 2019, Plaintiff received a letter from the SEC's FOIA Branch Chief (the "February 1 Letter"), which explained that Defendant was releasing only twelve pages of records which were deemed potentially responsive to the portion of Plaintiff's request relating to previously released records.[3]

17.     The February 1 Letter also stated that the SEC made an adverse determination with respect to the remainder of the Hertz Documents and that the SEC would not release any additional records on the basis of Exemption 7A.

18.     The February 1 Letter failed to provide Plaintiff with an estimate of the volume of the Hertz Documents, as required under 5 U.S.C. 552(a)(6)(F) upon denial of requested records.  Indeed, Defendant is required to supply Plaintiff with a *Vaughn* Index, which must: (i) identify each document withheld; (ii) state the statutory exemption claimed; and (iii) explain how disclosure would damage the interests protected by the claimed exemption.  The February 1 Letter did not included a *Vaughn* Index or even attempt to satisfy the SEC's burden.

---

[2]    A copy of Plaintiff's January 2, 2019 FOIA request letter is attached as Exhibit 2.

[3]    A copy of the SEC's February 1, 2019 response letter is attached as Exhibit 3.

19.     On February 6, 2019, Plaintiff spoke by telephone with the SEC's FOIA Branch Chief, who informed Plaintiff that the SEC is taking the position that the SEC Investigation is ongoing notwithstanding the Order.

20.     On February 7, 2019, Plaintiff timely appealed the SEC's adverse determination about the Hertz Documents (the "February 7 Letter").[4]  On appeal, Plaintiff asserted two reasons why the SEC had not met its burden of making an adverse determination pursuant to Exemption 7A.

21.     First, Plaintiff explained that the Hertz Documents were compiled by Hertz for business purposes, not for law enforcement purposes, meaning they cannot properly be excluded pursuant to Exemption 7A.  *See* Ex. 4 at 3.

22.     Second, Plaintiff explained that the disclosure of the Hertz Documents would not reasonably interfere with ongoing law enforcement proceedings.  *See id.*  Specifically, the Order establishes that the SEC Investigation has concluded, so Defendant cannot credibly maintain its position that the SEC Investigation is ongoing.  *Id.*

23.     Furthermore, the detailed descriptions of facts in the Order based on documents and testimony obtained from Hertz are inconsistent with Defendant's claim that the production of the Hertz Documents will interfere with an ongoing investigation.  Indeed, the information regarding the conduct at issue in the SEC Investigation was in the public domain when Plaintiff submitted its FOIA request on January 2, 2019.  Hertz made factual admissions in the Order, including that it had violated the federal securities laws in connection with the Restatement.

24.     Likewise, the lack of harm posed by production of the Hertz Documents is underscored by the fact that much of the material within the SEC's possession was produced by Hertz and involves the Restatement, and Hertz and its representatives presumably already had or

---

[4]     A copy of Plaintiff's February 7, 2019 FOIA appeal is attached as Exhibit 4.

have access to most, if not all, of those Documents.  *See* Ex. 1 ¶37 ("Throughout the staff's investigation, [Hertz] met with staff on multiple occasions, voluntarily providing information likely to be of interest to the staff, both on their own initiative and at the staff's request.").  Accordingly, production of the Hertz Documents would not reveal non-public information prejudicial to the SEC or to the subjects of its purported ongoing investigation.

25.     Even if other potential targets are implicated in ongoing law enforcement matters related to the Restatement (which is unlikely given the explicit terms of the Order), those individuals or entities are undoubtedly aware that the SEC possesses these documents and is using them to establish violations of the securities laws in connection with the Restatement.  Thus, there cannot be a reasonable expectation that public disclosure of the Hertz Documents will interfere with any investigation by the SEC.

26.     On February 12, 2019, Defendant denied Plaintiff's appeal by letter (the "February 12 Letter").[5]  The February 12 Letter only cites Exemption 7A in supporting denial of Plaintiff's FOIA request.  The February 12 Letter summarily concludes that Defendant had "confirmed with staff that releasing the documents responsive to Items 1 and 2 of your request could reasonably be expected to cause harm to ongoing enforcement proceedings."  Ex. 5 at 1-2.

27.     The February 12 Letter made no effort to explain or quantify whether any, or all, of the Hertz Documents were compiled for a law enforcement purpose.

28.     The February 12 Letter made no effort to distinguish or discuss any of the case law cited by Plaintiff in the February 7 Letter in connection with whether public release of the Hertz Documents would reasonably interfere with any ongoing investigation into the Restatement. *Compare* Ex. 5 *with* Ex. 4 at 4.

---

[5]     A copy of the SEC's February 12, 2019 letter denying Plaintiff's FOIA appeal is attached as Exhibit 5.  Plaintiff received this letter, which was sent by mail, on February 14, 2019.

29.    The February 12 Letter made no effort to explain how Defendant's conclusory statement that the SEC Investigation is ongoing satisfies the SEC's burden to entitle Defendant to relief under Exemption 7A, especially considering the substantial evidence to the contrary (*see* Ex. 4 at 3).

30.    In the February 12 Letter, as in the February 1 Letter, Defendant again failed to estimate the volume of the withheld Hertz Documents.  The February 12 Letter did not include a *Vaughn* Index.

31.    The February 12 Letter states that Plaintiff has "the right to seek judicial review of [Defendant's] determination by filing a complaint in the United States District Court . . . in the district where you reside[.]" Ex. 5 at 3.[6]  Accordingly, Defendant has confirmed that Plaintiff has exhausted its administrative remedies and may pursue an action before this Court to obtain production of the Hertz Documents.

32.    Exemption 7A is not applicable to the Hertz Documents because: (i) the Hertz Documents were provided by and are retained by Hertz, the subject of the SEC Investigation, and therefore were not "compiled for law enforcement purposes"; (ii) the Order is consistent with the conclusion that the SEC Investigation has concluded and that Hertz paid the SEC $16 million to end Defendant's investigation into matters relating to the Restatement, meaning that there no longer is an ongoing or prospective SEC Investigation; and (iii) many of the Hertz Documents have been cited or referenced in the Order, so their disclosure cannot "reasonably be expected to interfere with enforcement proceedings" because the subject(s) of such proceedings are undoubtedly aware that

---

[6]    Plaintiff is amenable to exploring the voluntary mediation services mentioned in the February 12 Letter (Ex. 5 at 3), but intends to continue litigating this action on an expedited basis unless and until such mediation services result in a satisfactory resolution of this matter.

the SEC is relying on the information in prosecuting claims and violations relating to the Restatement given that this information is now publicly available.

33.     Nor has the SEC shown in the February 12 Letter that any other exemptions preclude production.  In fact, the SEC, by its admission, has purposely declined to assert any exemption other than the law enforcement exemption.  *See* Ex. 5 at 3.  Accordingly, the SEC may not assert additional exemptions, given its failure to avail itself of the opportunity to do so in response to Plaintiff's FOIA request and subsequent FOIA appeal.

34.     The clients represented by Plaintiff in the Hertz Litigation had their case dismissed by the United States District Court for the District of New Jersey on April 27, 2017.  *See In re Hertz Global Holdings, Inc. Sec. Litig.*, 2017 U.S. Dist. LEXIS 65156 (D.N.J. Apr. 27, 2017).  This dismissal was affirmed by the United States Court of Appeals for the Third Circuit on September 20, 2018.  *See In re Hertz Global Holdings, Inc.*, 905 F.3d 106 (3d Cir. 2018).  In neither circumstance were the facts and information contained in the Order part of the record.

35.     Based on the facts and information in the Order, on February 5, 2019, Plaintiff's clients requested that the District Court in the Hertz Litigation modify the judgment pursuant to Federal Rule of Civil Procedure 60(b) to allow the filing of an amended pleading pursuant to Federal Rule of Civil Procedure 15(a).  This motion is currently scheduled to be fully briefed and submitted to the Court in the Hertz Litigation by February 25, 2019.

36.     For this reason, Plaintiff respectfully requests that it is entitled to expedited injunctive relief with respect to the processing and production of the Hertz Documents.

## COUNT I

### For Injunctive Relief
### Against Defendant

37.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

38.     Pursuant to 5 U.S.C. §552(a)(3), Plaintiff has a right of access to the Hertz Documents and Defendant is required to make them promptly available.

39.     The Hertz Documents do not fall within any of FOIA's exemptions from disclosure under 5 U.S.C. §552(b), including, without limitation, Exemption 7A.  Defendant therefore has no legal basis for withholding them.

40.     Pursuant to 5 U.S.C. §552(b), even if it were established that any of the Hertz Documents contained information exempt from disclosure, Defendant is required to provide to Plaintiff all reasonably segregable non-exempt portions of the Hertz Documents.  Because the Hertz Documents do not fall within any of the FOIA's exemptions from required disclosure, Defendant has no legal basis for withholding such portions of the Hertz Documents.

41.     Plaintiff has exhausted all applicable administrative remedies with regard to its FOIA request.

42.     Plaintiff is entitled to expedited injunctive relief with respect to the processing of the requested documents.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

A.     Enjoin the SEC from withholding all records or portions of records improperly withheld, and order their immediate disclosure to Plaintiff;

B.     Establish a date certain for the SEC to prepare and file a *Vaughn* Index;

- 9 -

C.      Establish a date certain for the SEC to file any dispositive motion on the merits;

D.      Provide for expeditious processing in this action;

E.      Award Plaintiff its costs and attorneys' fees in this action, as provided under 5 U.S.C. §552(a)(4)(E); and

F.      Award Plaintiff such other and further relief as the Court deems just and proper under the circumstances.

DATED:  February 15, 2019                ROBBINS GELLER RUDMAN
                                                        &DOWD LLP
                                        SAMUEL H. RUDMAN
                                        EVAN J. KAUFMAN
                                        MARK T. MILLKEY
                                        MICHAEL G. CAPECI

                                                          */s/ Michael G. Capeci*

                                                          MICHAEL G. CAPECI

                                        58 South Service Road, Suite 200
                                        Melville, NY  11747
                                        Telephone:  631/367-7100
                                        631/367-1173 (fax)
                                        srudman@rgrdlaw.com
                                        ekaufman@rgrdlaw.com
                                        mmillkey@rgrdlaw.com
                                        mcapeci@rgrdlaw.com

                                        Plaintiff *Pro Se*

## CERTIFICATE OF SERVICE

I, Michael G. Capeci, hereby certify that on February 15, 2019, I authorized the electronic filing of the Complaint for Injunctive Relief with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 15, 2019.



*/s/ Michael G. Capeci*

MICHAEL G. CAPECI