**ROBBINS GELLER RUDMAN & DOWD LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Samuel H. Rudman
SRudman@rgrdlaw.com

April 24, 2019

VIA ECF

The Honorable Ramon E. Reyes, Jr.
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re:   *Robbins Geller Rudman & Dowd LLP v. United States
      Securities and Exchange Commission*, No. 2:19-cv-00933-WFK-RER

Dear Magistrate Judge Reyes:

On behalf of plaintiff Robbins Geller Rudman & Dowd LLP ("Plaintiff"), we write to apprise the Court of a disagreement between Plaintiff and defendant United Stated Securities Exchange Commission ("Defendant") regarding whether a trial date should be set in this litigation, a matter that is not reflected in Defendant's letter dated April 24, 2019.  ECF No. 16.[1]

Plaintiff has an urgent need for the production of the documents requested in the FOIA request.  Plaintiff seeks a trial date to ensure that this action proceeds quickly in the event the Court denies Defendant's anticipated motion for summary judgment.

In furtherance of the need for a speedy trial, Defendant should not be permitted to file consecutive summary judgment motions in the event its first motion is unsuccessful.  As Plaintiff stated during the initial conference before Your Honor on April 17, 2019, Defendant's summary judgment motion should be dispositive of all exemptions Defendant seeks to raise with respect to Plaintiff's FOIA request.  Specifically, Defendant should be limited to Exemption 7A because Defendant's Answer, and its letter denying Plaintiff's FOIA appeal, fail to specify any other exemptions.  *See* ECF No. 1 (Complaint) at ¶33; ECF No. 9 (Answer) at ¶33, pg. 6 (listing only two affirmative defenses and only one (Exemption 7A) based on a FOIA exemption).  Defendant's consistent position in this litigation of Exemption 7A as the only applicable exemption amounts to a waiver of any other FOIA exemptions.  *See* F.R.C.P. 8(c)(1) ("[f]ailure to plead an affirmative defense in the answer results in the waiver of that defense and its exclusion from the case.").[2]

---

[1] Plaintiff advised Defendant earlier today that this letter was forthcoming.

[2] Even where courts have allowed defendants to revive waived defenses, it must happen "at the summary judgment stage" and not cause "undue prejudice to the plaintiff[.]"  *Rose v. AmSouth Bank*, 391 F.3d 63, 65 (2d Cir. 2004).  Here, revival of the waived defenses constitutes an extraordinary undue prejudice to Plaintiff given Plaintiff's need for the records as quickly as possible.  And even if that prejudice did not exist, Defendant is still obligated to revive its defenses at the summary judgment stage, meaning it must be included in their motion due on June 21, 2019.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Ramon E. Reyes, Jr.
April 24, 2019
Page 2

Nonetheless, Defendant indicated at the initial conference that it would be entitled to make a second summary judgment motion, relying on other FOIA exemptions, if their Exemption 7A summary judgment motion is denied. Defendant maintains this position even though Plaintiff represented at the hearing that it does not seek records reflecting Defendant's internal or inter-agency practices or communications (Exemptions 2 and 5), confidential financial information (Exemption 4),[3] or personal information (Exemption 6),[4] so it is unclear what FOIA exemptions other than Exemption 7A could even serve as the subject of an additional summary judgment motion. Thus, Defendant's contention at the hearing that it would take two years to review approximately 400,000 documents in order to discern which exemptions apply rings hollow and should not preclude setting a trial date.

FOIA "is to be construed broadly to provide information to the public in accordance with its purposes" (*Grand Cent. P'ship., Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999)), a purpose that will be frustrated by seriatim summary judgment motions in an effort to indefinitely delay producing records responsive to Plaintiff's request. Accordingly, Plaintiff respectfully requests that the Court schedule a trial in this litigation for October or November 2019, several months after Defendant's summary judgment motion will be fully briefed. *See* ECF No. 16.

We appreciate the Court's attention to this matter and are available at its convenience to address any questions or concerns.

Respectfully submitted,

*/s/ Samuel H. Rudman*

Samuel H. Rudman

cc:   All Counsel of Record

---

[3] Though financial information from Hertz Global Holdings, Inc. ("Hertz") will likely be contained in the records that Plaintiff seeks, Exemption 4 should not preclude producing any records because Plaintiff is requesting records relating to financial information that was publicly revealed in Hertz's July 2015 restatement, meaning it is not private or confidential.

[4] Exemptions 1 (classified information), 3 (documents exempted from disclosure by statute), 8 (reports prepared by regulators of financial institutions), 9 (geological data) and the subparts of 7 other than 7A do not plausibly apply.